**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| DANIEL HERRERA,<br><br>          Plaintiff,<br><br>     v.<br><br>BOX ELDER COUNTY SHERIFF et al.,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:07-CV-50 DAK<br><br>District Judge Dale A. Kimball |

Plaintiff, Daniel Herrera, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (West 2009).  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 U.S.C.A. § 1915 (2008).  Before the Court is Defendants' motion for summary judgment.[1]

### ANALYSIS

#### I. Background

Plaintiff's Complaint alleges cruel and unusual punishment under the Eighth Amendment based on denial of adequate medical care while confined in the Box Elder County Jail ("jail") from

---

[1] Defendants' summary judgment motion was originally filed on March 24, 2009, prior to service of process on Defendant Margaret Bull.  Bull was subsequently served and later joined in the summary judgment motion on April 29, 2009.

December 12, 2005, through March 17, 2006.  Plaintiff states that he suffered from a "left inguinal hernia-direct" for which he was prescribed pain medication prior to his incarceration.  Plaintiff alleges that on January 29, 2006, jail officials denied him pain medication and instead gave him an anti-inflammatory drug which caused an allergic reaction.  Plaintiff's Complaint names as defendants the Box Elder County Sheriff and five jail employees.  Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, attorneys fees and costs.

Defendants have filed a *Martinez* report documenting Plaintiff's use of the jail's administrative grievance system.  Based on the *Martinez* report Defendants move for summary judgment on the grounds that Plaintiff failed to properly exhaust all available administrative remedies before filing suit.

## II. Legal Standards

### A. Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before seeking redress in the courts.  Specifically, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." *See* 42 U.S.C.A. § 1997e(a) (West 2009). The Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002). Moreover, the Supreme Court has refused to "read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." *Booth v. Churner*, 532 U.S. 731, 741, n. 6, 121 S. Ct. 1819, 1825 (2001). As explained by the Tenth Circuit, "[t]he statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003). Failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving. *See Jones v. Bock*, 549 U.S. 199, 212, 127 S. Ct. 910, 919 (2007).

Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *before* filing a complaint in federal court. *See Porter*, 534 U.S. at 524 (citing *Booth*, 532 U.S. at 741). However, it is well recognized that "a remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)." *Miller v. Norris,*

247 F.3d 736, 740 (8th Cir. 2001); *see also* Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002). Thus, "inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002).

### B. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Cellotex v. Catrett*, 477 U.S. 317, 325 (1986). This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp 1100, 1102 (D. Utah 1998)

Once the moving party satisfies its initial burden "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* Rule 56(e) requires a nonmovant "that would bear the burden of persuasion at trial" to "go beyond the pleadings and 'set forth

specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998). The specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992). Mere allegations and references to the pleadings will not suffice. However, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

The Tenth Circuit has recognized that, given the fact sensitive nature of exhaustion determinations, "a motion for summary judgment limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust is appropriate." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003), *abrogated on other grounds by Jones*, 549 U.S. 199. When deciding such a limited motion for summary judgement the court applies the same procedures used for other summary judgment determinations. Thus, the moving party bears the initial burden of showing that there is an absence of evidence to support the plaintiff's

contention that he exhausted all available administrative remedies.  Once the moving party has made such a showing, the burden then shifts to the nonmoving party to produce admissible evidence showing that genuine issues of material fact exist precluding summary judgment on the exhaustion question.

### III. Summary Judgment Analysis

Defendants' motion for summary judgment asserts that jail records conclusively show Plaintiff failed to exhaust his present claims in the jail's grievance process before filing this suit.  As explained in the Affidavit of Jail Commander Sandy Huthman, the Box Elder County Jail grievance policy is a multi-step procedure designed to enable staff to promptly address prisoner concerns.  (Huthman Aff. ¶ 7.)  A copy of the grievance procedure is included in the Inmate Handbook which is given to all prisoners when they are booked into the jail.  (Huthman Aff. ¶ 4.)  Under the policy, prisoners must first attempt to resolve issues informally with staff before filing grievances.  If this is unsuccessful, within thirty days of the incident a written grievance may be completed and placed in the locked mail drop located in each housing area.  The officer involved in the incident is required to review the written grievance and respond in writing within seventy-two hours of filing.  If the prisoner

is dissatisfied with the initial response he may appeal to the Shift Sergeant within ten days.  The Shift Sergeant, in turn, must respond to the appeal in writing within seventy two hours.  Finally, if the prisoner remains dissatisfied with the Shift Sergeant's decision he may appeal to the Jail Commander.[2]  The Jail Commander must render a final written decision within seventy-two calendar days of receiving the appeal.  The Jail Commander's decision is final.

According to the *Martinez* Report Plaintiff filed only three written grievances while housed at the jail.  The first grievance, filed on December 15, 2006, requested information about the criminal charges against Plaintiff.  The second grievance, filed January 23, 2006, requested access to a Logan newspaper.  And, the third grievance, filed January 24, 2006, requested names of officials who were working on January 17, 2006, relating to a criminal investigation of Plaintiff for intimidating a witness.  In addition to being irrelevant to the claims at bar, Defendants assert that none of these grievances were ever appealed to the Jail Commander.

Plaintiff contends that the grievance records produced by

---

[2] It is not clear how long the prisoner has to appeal to the Jail Commander after receiving the Shift Commander's decision, however, the time frame is not at issue in this case.

the jail are incomplete.  To support this contention, Plaintiff has submitted copies of four additional grievances he allegedly filed while at the jail that were not included in the *Martinez* Report.  (Pl.'s Mem. Opp'n Summ. J. Ex. A-D.)  Although Plaintiff apparently concedes that none of these additional grievances deal with the claims asserted in this case, he contends that Defendants' failure to produce these documents as part of their *Martinez* Report, and their subsequent admission that the documents are authentic,[3] is sufficient to create a genuine issue of material fact as to whether other relevant grievances might also have been lost or destroyed by the jail.

   Despite their apparent failure to provide a complete record of all Plaintiff's grievances in the *Martinez* Report, Defendants have satisfied their initial burden on summary judgment of showing that there is an absence of evidence to support Plaintiff's contention that he fully exhausted his present claims.  As pointed out by Defendants, and apparently conceded by Plaintiff, none of the grievances produced by either side thus far are related to Plaintiff's present claims, nor were any of

---

   [3] Defendants reply brief does not dispute the authenticity of the four additional grievances submitted by Plaintiff, nor does it offer any explanation as to why the documents were not in Plaintiff's jail grievance file.  Instead, Defendants merely assert that the grievances are irrelevant because they do not deal with the claims in this case.  (Doc. no 65.)

them appealed to the Jail Commander.  While Defendants' failure to produce a complete record of all Plaintiff's grievances in their *Martinez* Report is disconcerting, Plaintiff has offered no evidence to support the conclusion that Defendants intentionally destroyed or are concealing relevant grievance records.  Thus, Defendants have successfully shifted to Plaintiff the burden of producing admissible evidence showing a genuine issue of material fact as to whether he fully exhausted his present claims.

Plaintiff has not met his burden.  While Plaintiff hints that he may have filed relevant grievances that were lost, he does not directly assert that he actually did so, nor does he offer any explanation as to why he cannot produce copies of those documents now.  The fact that Plaintiff retained copies of some grievances suggests that if relevant grievances were filed Plaintiff would likely have copies of them.  Moreover, the mere existence of additional irrelevant grievances besides those produced in the *Martinez* Report is not sufficient to show that Plaintiff grieved his present claims; much less that Plaintiff appealed his present claims to the highest level.  If Plaintiff had appealed to the Jail Commander it is very likely some record would exist.  Thus, the Court concludes that Plaintiff has not shown a genuine issue of material fact on the exhaustion issue and Defendants are entitled to summary judgment under the PLRA.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**, and this case is **CLOSED**.

Dated this 16th day of November, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge